UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

REBA LOCKHART                                CIVIL ACTION NO.

VERSUS

                                                           18-115-BAJ-EWD
                                                          (CONSOLIDATED LEAD)
FEDERAL EMERGENCY MANAGEMENT
AGENCY, ET AL.

## ORDER GRANTING MOTION TO STAY APPLYING TO: 18-CV-508; 18-CV-437; 18-CV-115; 18-CV-254; AND 18-CV-408

      Before the Court is Defendants' Motion to Stay Discovery (the "Motion to Stay") filed by defendants, the Federal Emergency Management Agency and William B. Long, Administrator of the Federal Emergency Management Agency (collectively, "FEMA").[1] Per the Motion to Stay, FEMA requests an order staying all discovery in (1) *Amato v. Federal Emergency Management Agency, et al.*, 18-cv-508-BAJ-EWD; (2) *Amato v. Federal Emergency Management Agency, et al.*, 18-cv-437-BAJ-EWD; (3) *Lockhart v. Federal Emergency Management Agency, et al.*, 18-cv-115-BAJ-EWD; (4) *Roy et al. v. Federal Emergency Management Agency, et al.*, 18-cv-254-BAJ-EWD; and (5) *Dungan v. Federal Emergency Management Agency, et al.*, 18-cv-408-BAJ-EWD based on FEMA's assertion of sovereign immunity in a pending Motion to Dismiss.[2] FEMA contends that "Plaintiffs' counsel have reviewed Defendants' [Motion to Stay] and supporting memorandum and do not oppose the granting of the requested relief."[3]

      A district court has the inherent power to regulate the flow of cases and "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

---

[1] 18-cv-115, R. Doc. 35.

[2] 18-cv-115, R. Doc. 26. The Motion to Dismiss applies to the same five actions as the instant Motion to Stay.

[3] 18-cv-115, R. Doc. 35, p. 2.

for litigants."[4] The Fifth Circuit has explained that "[t]he stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery."[5] "This authority has been held to provide the court the 'general discretionary power to stay proceedings before it in control of its docket and in the interests of justice.'"[6]

In the Motion to Dismiss, FEMA argues that this Court lacks subject matter jurisdiction over plaintiffs' claims "because the government Defendants have not waived sovereign immunity and Plaintiffs' claims are not ripe for review."[7] "It is well settled that governmental immunity is not only a defense against the burdens of liability, but also a defense to the burdens of litigation."[8] This Court has recently stayed discovery pending resolution of a Motion to Dismiss raising the defense of sovereign immunity,[9] and finds the same approach is warranted here.[10] Because FEMA's Motion to Dismiss raises the defense of sovereign immunity, which is a threshold issue that could be dispositive of this action, and considering the representation that the Motion to Stay

---

[4] *Landis v. N. Am. Co.*, 299 US 248, 254 (1936); *Billiot v. Beavers*, Civil Action No. 12-2946, 2015 WL 4397108, *1 (E.D. La. July 13, 2015).

[5] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citing *Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1320 (5th Cir. 1989); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)).

[6] *In re Ramu*, 903 F.2d at 318 (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982)).

[7] 18-115, R. Doc. 26-1, p. 4.

[8] *Rivera v. United States*, EP-15-cv-21-KC, 2015 WL 13650012, at * 2 (W.D. Tex. May 18, 2015) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[9] *See*, *Davis v. United States Army Reserve through the 321st Sustainment Brigade, et al.*, Civil Action No. 19-305, 2019 WL 5777387 (M.D. La. Nov. 5, 2019).

[10] *See*, *e.g.*, *Pfaff v. United States*, Civil Action No. 14-cv-03349, 2015 WL 7075508, at * 2 (D. Col. Nov. 13, 2015) ("Courts have recognized that stays of discovery during the pendency of a dispositive motion asserting a jurisdictional challenge may be appropriate and efficient, particularly when that jurisdictional challenge would be fully dispositive. [*Sandoval v. United States*, No. 11–cv–01533–REB–KLM, 2011 WL 3682768, at *1 (D. Colo. 2011)] Indeed, the Tenth Circuit recognized *in Liverman v. Committee on the Judiciary, U.S. House of Representatives* that there was no 'logical reason' why the general rule of staying discovery pending a qualified immunity defense 'should not apply where the defendant raises the defense of sovereign immunity and the defense is primarily one of law.'" 51 Fed. Appx. 825, 827-28 (10th Cir. 2002).").

is unopposed, good cause exists to stay discovery in the five above-referenced suits pending resolution of Defendants' Motion to Dismiss.[11]

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Stay Discovery[12] is **GRANTED**. Discovery in the following actions is stayed pending resolution of Defendants' Motion to Dismiss: (1) *Amato v. Federal Emergency Management Agency, et al.*, 18-cv-508-BAJ-EWD; (2) *Amato v. Federal Emergency Management Agency, et al.*, 18-cv-437-BAJ-EWD; (3) *Lockhart v. Federal Emergency Management Agency, et al.*, 18-cv-115-BAJ-EWD; (4) *Roy et al. v. Federal Emergency Management Agency, et al.*, 18-cv-254-BAJ-EWD; and (5) *Dungan v. Federal Emergency Management Agency, et al.*, 18-cv-408-BAJ-EWD.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Motion to Lift Stay upon resolution of Defendants' Motion to Dismiss.[13]

Signed in Baton Rouge, Louisiana, on November 7, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] 18-115, R. Doc. 26.

[12] 18-115, R. Doc. 26.

[13] 18-115, R. Doc. 26.